THOMPSON v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department.  November 29, 1911.)

TRIAL (§ 337*)—DISREGARD OF INSTRUCTIONS—JURY.

In an action by one who stumbled over a newly laid railroad track which was higher than the walk, where it did not appear that it was the duty of the railroad to maintain the walk between and adjacent to its rails, and the court charged that it was not the duty of the defendant either to maintain the walk or to lower its rails so as to be even with the walk, a verdict for plaintiff was erroneous, because conflicting with the law of the case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 790; Dec. Dig. § 337.*]

Appeal from Albany County Court.

Action by Kate S. Thompson against the United Traction Company. From a judgment for plaintiff and an order denying its motion for new trial, defendant appeals.  Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

P. C. Dugan, for appellant.
Rollin B. Sanford, for respondent.

PER CURIAM.  The action is to recover damages for personal injuries received from a fall occasioned by the plaintiff stumbling on the defendant's rail while walking across defendant's tracks at a crosswalk in the city of Albany.  The rail had been newly laid, necessitating the tearing up of the crosswalk.  The rail was at a proper level with the other tracks; but the flagstone of the crosswalk was depressed so that the rail projected about an inch and a half above its surface.

It did not affirmatively appear upon the trial whether or not it was the duty of the defendant to maintain the pavement and crosswalk between and adjacent to its rails.  At the request of the defendant the court charged:

"That it was not the duty of the defendant to either lay or maintain this flagstone upon which the plaintiff walked."

And further:

"That it was not the duty of the defendant and it was not required to lower its rail to meet the surface of that flagstone which it was not its duty to maintain."

Under this charge nothing was left for the jury to decide.  If the defendant was under no duty to maintain the flagstone at a proper level with its rail, it was not responsible for its condition or situation. That responsibility rested with the municipality.

The defendant had a right to maintain its rails in the street, and the court properly instructed the jury that it need not lower its rail to meet the level of the flagstone.

Whether the inequality proved to exist was sufficient to charge the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
132 N.Y.S.—16

defendant with negligence provided it was its duty to maintain the flagstone, we are not now called upon to decide.

Under the law of the case as given to the jury we think the verdict was not justified, and that the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.